**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
OPTIMUS COMMUNICATIONS,

Plaintiff,

-against-

MPG ASSOCIATES, INC.,

Defendant.
--------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
11-cv-2468 (ADS)(WDW)

**APPEARANCES:**

**French & Casey, LLP**
*Attorneys for the Plaintiff*
29 Broadway, 27th Floor
New York, NY 10006
By: Rosalyn Maldonado, Esq., of Counsel

**Law Offices of Roy A. Klein**
*Attorneys for the Defendant*
532 Broad Hollow Road
Suite 144
Melville, NY 11747-4987
By: Roy A. Klein, Esq., of Counsel

**SPATT, District Judge.**

The Plaintiff, Optimus Communications ("Optimus"), commenced this action on May 23, 2011, alleging that the Defendant, MPG Associates, Inc. ("MPG"), violated the terms and conditions of a commission agreement by soliciting business from present and former customers of the Plaintiff and failing to pay certain commissions to the Plaintiff as required by the agreement. The Defendant has now moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and has also moved for sanctions pursuant to Federal Rule of Civil Procedure 11.

## I. BACKGROUND

On September 10, 2006, the Plaintiff Optimus and the Defendant MPG entered into a business agreement (the "Agreement") relating to the sale of Verizon products and/or services. Pursuant to this written contract, Optimus was to receive eighty percent "of all gross commissions . . . in connection with sales to clients consummated by [Optimus], and sold at any time since the inception of doing business with MPG in April 2005." (Pl. Ex. 1.) The Agreement was to be effective for any sales that had taken place as early as April 2005 and was to continue through December 31, 2009.

The contract contained a dispute resolution provision, titled "Mediation and Arbitration". This provision stated, in part, that: "Any disputes between the parties hereto, whether arising under this Agreement or otherwise, which the parties cannot resolve between themselves using good faith shall be: Referred by either party to a mediator in the County of the principal office of [MPG], and any mediation shall be held in the County of the principal office of [MPG]." (Id.) The provision goes on to state that:

> In the event that said dispute is not resolved in mediation, the parties shall submit the dispute to a neutral arbitrator . . . Prevailing party in any legal action shall recover all fees and costs. . . . The parties further agree that full discovery shall be allowed to each party to the arbitration and a written award shall be entered forthwith. . . . The decision of the arbitrator shall be final and binding. Arbitration shall be the exclusive legal remedy of the parties.

(Id.)

On May 23, 2011, the Plaintiff filed the present action based upon allegations that (1) "[i]n violation of the terms and conditions of the Agreement, Defendant assigned Plaintiff's commissions without prior written notice to Plaintiff"; (2) "Defendant failed to pay commissions to Plaintiff as required by the Agreement"; and (3) "Defendant circumvented, avoided and bypassed Plaintiff in direct violation of the terms and conditions of the Agreement." (Compl. at

¶¶ 9–11.) The Plaintiff alleges several causes of action, including breach of contract and unjust enrichment. Optimus claims that MPG owes it a balance of $242,875.09, plus interest, attorneys' fees and costs.

On June 13, 2011, the Defendant's counsel emailed the Plaintiff's counsel to request an extension of time for MPG to respond to the complaint, and stated that his intent was to move to dismiss the action in light of the arbitration clause in the Agreement. The Defendant's counsel also requested that the Plaintiff immediately dismiss the action in accordance with Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 41(A)(1)(a) because of the dispute resolution provision, and warned that if the Plaintiff declined to do so, that MPG would be forced to move to dismiss, and would seek Fed. R. Civ. P. 11 ("Rule 11") sanctions for presenting a pleading whose claims are not warranted by existing facts and law. In response, the Plaintiff's counsel responded that she was unable to grant his request for an extension of time to answer and that he should proceed as he deemed appropriate.

On July 18, 2011, the Defendant filed the instant motion to dismiss the action, pursuant to Fed. R. Civ. P. 12(b)(6), based upon the dispute resolution clause contained in the contract. According to MPG, Optimus never sought mediation or arbitration in accordance with the terms of the contract, and instead commenced the instant action seeking damages for breach of the Agreement. Thus, MPG argues that the Court should dismiss the action.

In addition, on July 18, 2011, the Defendant moved for Rule 11 Sanctions against the Plaintiff's counsel, for failure to voluntarily dismiss the action in light of the dispute resolution clause in the Agreement and for initially filing a complaint without any legal merit.

## II. DISCUSSION

### A. As to MPG's Motion to Dismiss

The Federal Arbitration Act ("FAA") provides, in pertinent part, that a written provision in a "contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. It is well-established that the FAA creates a strong federal policy in favor of arbitration. Moses H. Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24-25, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983); see Arciniaga v. General Motors Corp., 460 F.3d 231, 234 (2d Cir. 2006) (noting that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy we have often and emphatically applied."). Indeed, the FAA "establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." Moses H. Cone, 460 U.S. at 24-25, 103 S. Ct. 927; see United Steelworkers of Am. v. Warrior & Gulf, 363 U.S. 574, 582-83, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 (1960) (finding that courts must submit matters to arbitration "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.").

Here, the arbitration clause at issue provides, in relevant part, that "[a]ny disputes between the parties hereto, whether arising under this Agreement or otherwise, which the parties cannot resolve between themselves using good faith shall be: Referred by either party to a mediator. . . . In the event that said dispute is not resolved in mediation, the parties shall submit the dispute to a neutral arbitrator . . ." (Pl. Ex. 1.) The Court finds that it is beyond contention that this exceedingly broad arbitration clause encompasses the Plaintiff's claims. The essence of the present action is that MPG owes Optimus for commissions that Optimus believes it is owed

under the terms of the Agreement. Thus, the Plaintiff's claims undoubtedly arise under the Agreement and in fact are limited to the actual terms of the Agreement.

The Plaintiff asserts only two particularly weak arguments as to why the arbitration clause is not a sufficient basis upon which to dismiss this action. First, Optimus states that the "language in the Contract is not clear and unambiguous that the sole remedy for a breach there under is arbitration." (Pl. Opp. at 4.) Thus, Optimus "read this provision of the Contract as permissive, not mandatory." (Id.) The Plaintiff bases this contention on the portion of the provision that states that the "[p]revailing party in any legal action shall recover fees and costs" as well as the reference to discovery, which the Plaintiff claims is a part of a legal proceeding and not arbitration. (Id.) (emphasis added).

The Plaintiff's arguments in this regard are without merit. First, as to the statement that the "[p]revailing party in any legal action shall recover fees and costs", the context of the provision makes it clear that "legal action" refers to arbitration, not a court action. Second, although the Plaintiff asserts generally that there are references to discovery, the provision actually states that the "parties further agree that full discovery shall be allowed to each party to the arbitration . . ." (Pl. Ex. 1) (emphasis added). Furthermore, discovery may be a part of the arbitration process and is not limited to civil litigation. For example, under the American Arbitration Association commercial rules, the arbitrator may direct discovery "[a]t the request of any party or at the discretion of the arbitrator, consistent with the expedited nature of arbitration." See Rules: Commercial Arbitration Rules and Mediation Procedures, R-21, at http://www.adr.org. As another example, Section 7 of the FAA provides that "The arbitrators . . . may summon in writing any person to attend before them or any of them as a witness and in a

proper case to bring with him or them any book, record or document, or paper which may be deemed material as evidence in the case . . ." 9 U.S.C.A. § 7.

Thus, the plain language of the "Mediation and Arbitration" provision, which is unambiguous and extremely broad, cannot be reasonably interpreted as permissive. This conclusion is further bolstered by the fact that the provision itself states that "Arbitration shall be the exclusive legal remedy of the parties." (Id.)

As an additional argument as to why the arbitration clause is not a sufficient basis upon which to dismiss this action, the Plaintiff asserts that it chose to commence an action before this Court because it would be more expedient, cost efficient and effective in compelling third parties to produce evidence. However, the necessity of obtaining discovery from third parties is a common necessity in dispute resolution. Thus, the Court finds it was likely within the contemplation of the parties when they drafted this provision and agreed to arbitrate, despite the future possibility of obtaining third party discovery. In fact, the provision contemplates broad discovery as part of the dispute resolution process, as it states that full discovery shall be allowed to each party to the arbitration. Moreover, the Plaintiff has not provided the Court with a single example of a third party that it intends to obtain discovery from and why the present action would be more expedient, cost efficient or effective in compelling that party to produce evidence.

In sum, the Court finds that the "Mediation and Arbitration" clause contained in the Agreement is valid and encompasses the claims asserted in this lawsuit. Therefore, the Defendant's motion to dismiss the complaint in its entirety is granted. See Spray Holdings, Ltd. V. Pali Fin. Group. Inc., 269 F. Supp. 2d 356, 366 (S.D.N.Y. 2003) ("[w]hen all of the issues

raised in a litigation lie within the scope of an arbitration agreement, courts have the discretion to dismiss the action rather than issue an order directing a stay.”).

**B. As to MPG’s Motion for Rule 11 Sanctions**

Rule 11 (b) of the Federal Rules of Civil Procedure states that an attorney who presents “a pleading, written motion, or other paper” to the court thereby “certifies” that to the best of his knowledge, information, and belief formed after a reasonable inquiry, the filing is: (1) not presented for any improper purpose, “such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation”; (2) “warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law”; and (3) either supported by evidence or “will likely have evidentiary support after a reasonable opportunity for further investigation or discovery”. Fed. R. Civ. P. 11(b). “Rule 11 sanctions are appropriate where an attorney or party declines to withdraw a claim ‘upon an express request by his or her adversary after learning that [the claim] was groundless.’” Carlton Group, Ltd. v. Tobin, No. 02 Civ. 5065, 2003 WL 21782650, at *7 (S.D.N.Y. July 31, 2003) (quoting Calloway v. Marvel Entm't Group, 854 F.2d 1452, 1472 (2d Cir. 1988), rev’d. in part on other grounds, 493 U.S. 120, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989)).

In general, “the standard for triggering the award of fees under Rule 11 is objective unreasonableness.” Margo v. Weiss, 213 F.3d 55, 65 (2d Cir. 2000). This “standard is appropriate in circumstances where the lawyer whose submission is challenged by motion has the opportunity, afforded by the ‘safe harbor’ provision, to correct or withdraw the challenged submission.” In re Pennie & Edmonds LLP, 323 F.3d 86, 90 (2d Cir. 2003). The Second Circuit has cautioned that Rule 11 sanctions should be “made with restraint”, Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 1999), and, even where a court determines that

Rule 11(b) has been violated, the decision whether to impose sanctions is not mandatory, but rather, is a matter for the court's discretion. Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004).

In the present case, the Court finds that the Plaintiff's claims and legal contentions are objectively unreasonable. See ATSI Commns., Inc. v. Shaar Fund, Ltd., 579 F.3d 143, 150 (2d Cir. 2009) (stating that liability for Rule 11 sanctions "requires only a showing of objective unreasonableness on the part of the attorney or client signing the papers."). The plain and unambiguous language of the "Mediation and Arbitration" clause of the Agreement mandates arbitration and further states that arbitration shall be the exclusive legal remedy of the parties. Thus, the Plaintiff's position that the arbitration clause is "permissive" and that the language is ambiguous regarding the sole remedy for a breach is without basis. The Court agrees with the Defendant that the Plaintiff's contentions "rely on tortured and strained interpretations" of the parties' arbitration clause. Moreover, the Plaintiff does not cite a single case to demonstrate that its legal contentions are warranted by existing law.

Nevertheless, even where a court determines that Rule 11(b) has been violated, the decision whether to impose sanctions is not mandatory, but rather is a matter for the court's discretion. Perez, 373 F.3d at 325. Rule 11(c) provides in pertinent part that "[ i]f . . . the court determines that subdivision (b) has been violated, the court may . . . impose an appropriate sanction . . . ." Fed. R. Civ. P. 11(c) (emphasis added). The mere existence of an arbitration clause in a contract will not necessarily preclude an action at law, but requires the Court to engage in a two-step analysis to determine first, if there exists a valid contract to arbitrate, and second, whether the claims alleged fall within the scope of the arbitration clause. As this analysis by may sometimes result in a conclusion that the arbitration clause is not applicable, the

Court does not find that the Plaintiff's arguments—although ultimately determined to be without merit—rise to the level of sanctionable conduct.

Therefore, the Defendant's motion for sanctions is denied.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED**, that the Defendant's motion to dismiss the Plaintiff's complaint is granted; and it is further

**ORDERED**, that the Defendant's motion for sanctions as against the Plaintiff's attorney is denied; and it is further

**ORDERED**, that the Clerk of the Court is respectfully directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
January 27, 2012

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge